UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ignacio Xochipa, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                          Plaintiff,

-against-

IHR1 Construction Inc., Israel Antonio Gomez Hernandez (a/k/a Israel Hernandez), and Mirian Miranda,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/6/2023_

22 Civ. 7332 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       The Court has reviewed Plaintiff's letter motion dated May 25, 2023. ECF No. 29; *see* ECF No. 28. Plaintiff requests leave to serve Defendants IHR1 Construction Inc., Israel Antonio Gomez Hernandez, and Mirian Mirana by certified mail, iMessage, WhatsApp, and follow-up phone calls. ECF No. 29 at 1. Plaintiff also requests "an enlargement of time" to serve Defendants. *Id.*

       Under Federal Rule of Civil Procedure 4(e), an individual may be served pursuant to the procedures allowed by state law in the state in which the district court is located. Fed. R. Civ. Proc. 4(e)(1). "New York state law provides a number of specified methods for serving individuals, and further provides that service may be effectuated 'in such manner as the court, upon motion without notice, directs, if service is impracticable' under the other specified methods of service." *Shamoun v. Mushlin*, No. 12 Civ. 3541, 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013) (citing N.Y. C.P.L.R. § 308(5)). "Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Marvici v. Roche Facilities Maint. LLC*, No. 21 Civ. 4259, 2021 WL 5323748, at *2 (S.D.N.Y. Oct. 6, 2021) (citation omitted). The meaning of "impracticability" depends on the facts and circumstances of the particular case. *S.E.C. v. HGI, Inc.*, No. 99 Civ. 3866, 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999).

       The Court finds that Plaintiff has shown that personal service is impracticable. *Marvici*, 2021 WL 5323748, at *2–3; *Urbont v. Sony Music Ent.*, No. 11 Civ. 4516, 2012 WL 1592519, at *3 (S.D.N.Y. May 4, 2012). Plaintiff's process servers have repeatedly attempted to serve Defendants at their addresses. *See* ECF Nos. 18, 21, 24, 26. And, after diligent efforts, Plaintiff has been unable to locate additional addresses for Defendants, or confirm if the addresses he does have are the correct ones for Defendants. *See* ECF No. 29 at 3.

       Next, Plaintiff must show a likelihood that Defendants will be reached by the alternative means he suggests. See *Marvici*, 2021 WL 5323748, at *5. "Constitutional notions of due process

require that any means of service be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at *3 (citations omitted).

The Court concludes that service by certified mail, iMessage, WhatsApp, and follow-up phone calls is appropriate under these circumstances. *Marvici*, 2021 WL 5323748, at *3–4; *see Google LLC v. Starovikov*, No. 21 Civ. 10260, 2022 WL 4592899, at *2–3 (S.D.N.Y. 2022). Plaintiff has shown that service by a traditional method is impracticable and that his "multi-prong approach to service" is "reasonably calculated, under all circumstances, to apprise" Defendants of this lawsuit. *Marvici*, 2021 WL 5323748, at *3–4. Courts have approved multi-prong approaches to service that include certified mail, text messaging, and follow-up phone calls. *See, e.g., F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189, 2013 WL 841037, at *5–6 (S.D.N.Y. Mar. 7, 2013); *Baidoo v. Blood-Dzraku*, 5 N.Y.S.3d 709, 716 (N.Y. Sup. Ct. 2015).

Accordingly, Plaintiff's request to serve Defendants by certified mail to Defendants' last known addresses, iMessage, WhatsApp, and follow-up phone calls is GRANTED. Having shown good cause for doing so, Plaintiff is further GRANTED an extension of time to serve process of Defendants. By **June 23, 2023**, Plaintiffs shall serve Defendants by the means detailed in this order and shall file proof of service on the docket. Plaintiff shall call Defendants once a week for three consecutive weeks or until acknowledged by Defendants. *See* ECF No. 29 at 4.

The Clerk of Court is directed to terminate the motions at ECF Nos. 28 and 29.

SO ORDERED.

Dated: June 6, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge